UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 3:22-cv-221 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| SMALL BUSINESS ADMINISTRATION, *et al*., | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATIONS**

Plaintiff, an inmate currently housed at the North Central Correctional Institution, in Marion, Ohio, has filed a *pro se* civil rights complaint (Docs. 1-1; 1-6) against the Small Business Administration (SBA) and Isabella Casillas Guzman, as Administrator of the Small Business Administration. Plaintiff alleges mistake and violations of the Eighth and Fourteenth Amendments to the United States Constitution in connection with the denial of a loan for his business Neighborhood Fish and More, LLC, under the "CARES Act." (Doc. 1).[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[1] As noted by another district court:

> On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), in response to the COVID-19 pandemic. . . . Among other things, the CARES Act appropriated additional funds and expanded eligibility requirements for the Economic Disaster Loans (EIDL) program, which provides economic injury disaster loans to eligible small businesses.

*Jackson v. Small Business Administration & Isabella Casillas Guzman*, No. 3:22-CV-986-S-BH, 2022 WL 18456351, at *1 (N.D. Tex. Dec. 16, 2022), *report and recommendation adopted sub nom. Jackson v. Small Business Administration, Isabella Casillas Guzman, & United States of America*, No. 3:22-CV-986-S-BH, 2023 WL 375351 (N.D. Tex. Jan. 24, 2023) (internal citations omitted).

This matter is now before the Court for a s*ua sponte* review of the complaint (Docs. 1-1 & 1-6) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court are plaintiff's motions to appoint counsel (Doc. 2), motion for writ of mandamus (Doc. 6), motion for default judgment (Doc. 8), motion to withdraw his motion for default judgment (Doc. 11), and construed motion to amend his complaint (Doc. 14).[2]

The Court hereby **GRANTS** the construed motion to amend (Doc. 14) to the extent that Documents 10, 13, 15, and 16 will be considered as exhibits to plaintiff's complaint but **DENIES** the motion in all other respects.[3] For the following reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, and **GRANT** plaintiff leave to file a second amended complaint within twenty-eight days of any Court order adopting this Report and Recommendation. The undersigned further **RECOMMENDS** that plaintiff's motion to withdraw his motion for default

---

[2]Document 14 is titled "Amendment to Complaint," but it does not contain an additional pleading. (*See* Doc. 14). Instead, the Court understands Document 14 to be a motion to amend plaintiff's complaint to include the additional arguments and exhibits submitted in Documents 10, 13, 15, and 16.

[3]*See* Fed. R. Civ. P. 10(c) (providing that "an exhibit to a pleading is a part of the pleading for all purposes"). *Cf. Fishman v. Williams*, No. CV 14-4823 MWF(JC), 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484 (JLS), 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). The Court notes that to the extent that Document 10 contains arguments addressed to a different case that plaintiff has filed in this Court, *e.g.*, Case No. 2:22-cv-3461-EAS-KLL, the Court does not find such arguments relevant to this case and does not consider them herein.

judgment (Doc. 11) be **GRANTED**, that his motion for default judgment (Doc. 8) be considered as **WITHDRAWN**, and that the remaining motions (Docs. 2 and 6) be **DENIED as moot**.

### Screening of Complaint

A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff alleges that he filed two separate Federal Disaster Loan applications. (Doc. 1-1, at PageID 6). In July 2020, one of the applications was allegedly granted. Plaintiff alleges, however, that he learned one month later that the second application was denied as duplicative.

4

Plaintiff alleges that SBA staff mistakenly found the applications to be duplicative when in fact the applications had "separate EIN's, application numbers, addresses, and businesses." (Doc. 1-1, at PageID 6). According to plaintiff, "[i]nstead of correcting their error the SBA chose to force Neighborhood Fish and More, LLC, to suffer for a year and a half after being approved then denied this loan application." (*Id*.). Plaintiff further alleges that the "SBA has in the past and continues to date to discriminate, deny due process, equal protection of law and subject [him] to cruel and unusual punishment." (*Id*.). Plaintiff asserts that he contacted a congressman and a congressional staff member, but "the SBA refused to comply with the law." (Doc. 1-1, at PageID 6, Doc. 1-6, at PageID 16).

Plaintiff claims that as a result of the allegedly unlawful actions, his business Neighborhood Fish and More, LLC, was destroyed and his family suffered hardships. For relief, plaintiff seeks monetary damages. (Doc. 1-1, at PageID 7).

**C.** **Analysis**

Based on the above factual allegations, plaintiff brings claims for mistake and for violations of due process, equal protection, and his right to be free from cruel and unusual punishment. It also appears that plaintiff is bringing claims for violations of the CARES Act. (Doc. 1-1, at PageID 6).

For the following reasons, the complaint, as amended, is subject to dismissal for failure to state a claim upon which relief may be granted.

    a.    **Plaintiff Cannot Bring Claims for Neighborhood Fish and More, LLC.**

As an initial matter, it appears from the face of plaintiff's complaint that he intends to include his business Neighborhood Fish and More, LLC, as a plaintiff to this action. (*See* Doc. 1-1, at PageID 1). However, the rule in the Sixth Circuit is that a corporation may only appear in

5

court through a licensed attorney. Because plaintiff has not indicated that he is a licensed attorney authorized to practice in this Court, the Court does not recognize Neighborhood Fish and More, LLC, as a plaintiff to this action. *See, e.g.*, *Williams v. Slemmer*, No. 4:10-cv-799, 2010 WL 2606128, at * 1 n.1 (N.D. Ohio June 25, 2010) (declining to recognize a corporation as a plaintiff where it appeared that the corporation was not represented by counsel). The Court therefore understands plaintiff to be the sole plaintiff to this action.

      b.      **Plaintiff Cannot Bring Claims Under the CARES Act.**

This Court has previously found that there is no private right of action under the CARES Act. *See Shehan v. United States Dept. of Justice*, 2020 WL 7711635, at *9-12 (S.D. Ohio Dec. 29, 2020) ("Nor does the [CARES Act indicate that a borrower may sue a lender who declines the borrower's application. No private remedy against lenders appears. Absent congressional intent to create a private remedy, this Court may not imply one." *See also Moss v. Lee*, No. 3:21-CV-00561, 2022 WL 68388, at *5 (M.D. Tenn. Jan. 6, 2022) ("Courts around the country, including those within the Sixth Circuit, have concluded that the CARES Act does not create either an explicit or implied private cause of action."); *Mescall v. United States Dep't of Just.*, No. 2:20-CV-13364, 2021 WL 199277, at *2 (E.D. Mich. Jan. 19, 2021) ("The CARES Act does not create a private cause of action.").

Because the CARES Act does not provide a private right of action, any claim by plaintiff for relief under the CARES Act fails as a matter of law.

      c.      **Plaintiff's Claim for Mistake Is Subject to Dismissal.**

The Court understands plaintiff's claim of "mistake" to sound in negligence. "The [Federal Tort Claims Act] clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871

(6th Cir. 1990) (*citing* 28 U.S.C. § 2679(a)). Furthermore, "[a] district court lacks subject matter jurisdiction over a FTCA action where the plaintiff fails to name the United States as a defendant." *Livingston v. Martin*, 28 F. App'x 434, 435 (6th Cir. 2002) (citing 28 U.S.C. § 2679(a); *Allgeier,* 909 F.2d at 871). "An FTCA claim naming only an agency and individual employees fails to bestow jurisdiction." *Adu-Beniako v. Reimann*, No. 21-2978, 2022 WL 4538372, at *3 (6th Cir. July 12, 2022) (citing *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998)). Accordingly, plaintiff's FTCA claim for mistake is subject to dismissal.

       **d.**     **Plaintiff's Constitutional Claims Are Subject to Dismissal.**

"The Supreme Court has held that a *Bivens* action is the appropriate judicially created damages remedy against an individual in the federal government for violations of a constitutional right." *Allamby v. United States*, No. 1:06CV0535, 2006 WL 782512, at *2 (N.D. Ohio Mar. 27, 2006) (citing, *inter alia*, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971)).[4] The Court understands plaintiff to be bringing his constitutional claims against the defendants under *Bivens*.

However, *Bivens* does not apply to every constitutional claim asserted against a federal actor. *See, e.g., Collins v. Small Bus. Administration*, No. 22-CV-4104, 2023 WL 125242, at *2 (E.D. Pa. Jan. 6, 2023). Rather,

> Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see [Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017)], and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017); *Egbert* [*v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022)]. Although the United States Supreme Court has allowed a *Bivens* action to redress a violation of the equal

---

[4] "'*Bivens*' is a shorthand reference to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), which provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances." *Collins v. Small Bus. Administration*, No. 22-CV-4104, 2023 WL 125242, at *2 (E.D. Pa. Jan. 6, 2023) (citing *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017)).

>  protection component of the Due Process Clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979), the case involved discrimination in employment and not discrimination committed by a federal agency in administering a federal grant program, as is alleged here.

*Id.* at *2.

To the extent that a *Bivens* remedy is available in the circumstances of this case, *see id.*, an issue which the Court need not decide at this time, plaintiff's *Bivens* claims nevertheless warrant dismissal. Plaintiff's *Bivens* claims against the SBA are subject to dismissal because "a *Bivens* action may not be maintained against a federal agency." *Morgan v. Hardeman Cty., Tennessee*, No. 01-1043, 2002 WL 1397256, at *2 (W.D. Tenn. Feb. 12, 2002) (citing *F.D.I.C. v. Meyer,* 510 U.S. 471, 473 (1994)); *see also Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 123 (6th Cir. 2003) (noting that "the doctrine of sovereign immunity bars any monetary claims against the SBA").[5] Plaintiff's *Bivens* claims against Guzman are also subject to dismissal because plaintiff's conclusory allegations of misconduct are the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that are insufficient to state a claim for relief under *Iqbal*. *See* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See also Keita v. U.S. Small Bus. Admin.*, No. 07-CV-4958 ENV/LB, 2010 WL 395980, at *5 (E.D.N.Y. Feb. 3, 2010) ("Without some specification of factual detail, the complaint completely fails to state any plausible claim against individual defendants . . . under the *Iqbal* test."). Moreover, plaintiff

---

[5]As set forth above, the only relief that plaintiff seeks in his complaint is monetary damages. (*See* Doc. 1-1, at PageID 6). In his supplemental argument, however, plaintiff also appears to mention injunctive relief. (*See* Doc. 13, at PageID 55; Doc. 15, at PageID 61). Even assuming that plaintiff intends to seek injunctive relief against the defendants, plaintiff has not pled facts establishing "any effectual relief" to which he is entitled. *March v. U.S. Small Bus. Admin.*, No. 4:22CV543 HEA, 2023 WL 355906, at *2 (E.D. Mo. Jan. 20, 2023) (quoting *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021)(in turn quoting *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)). Plaintiff filed the instant lawsuit in August 2022. "However, . . . EIDL funding [under the CARES Act] was exhausted as of May 6, 2022, thus, even assuming [p]laintiff could establish that his loan should have been issued, there are no funds to fund the loan." *March*, 2023 WL 355906, at *2 (finding that "[t]he exhaustion of EIDL funding renders Plaintiff's claims moot").

does not allege personal involvement on the part of Guzman. There is no *respondeat superior* liability under *Bivens*. *Iqbal*, 556 U.S. at 676. *Cf. Mescall v. United States Dep't of Just.*, No. 2:20-CV-13364, 2021 WL 199277, at *2 (E.D. Mich. Jan. 19, 2021) ("Plaintiff failed to allege any personal misconduct on the part of the [defendants] and thus fails to state a *Bivens* claim against them").

Accordingly, plaintiff's *Bivens* claims are subject to dismissal.

For these reasons, the Court finds that plaintiff's complaint, as amended, should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. The Court further finds that plaintiff should be granted leave to file a second amended complaint within twenty-eight days of any Court order adopting this Report and Recommendation, to rectify (if possible) the deficiencies identified herein.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's construed motion to amend his complaint (Doc. 14) is **GRANTED** to the extent that Documents 10, 13, 15, and 16 will be considered as exhibits to plaintiff's complaint but is **DENIED** in all other respects.

2. Plaintiff is **DIRECTED** to keep the Court apprised of any changes to his address.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Court **DISMISS without prejudice** plaintiff's FTCA claims and any claims for injunctive relief, *see* footnote 5, for lack of subject matter jurisdiction, and **DISMISS with prejudice** plaintiff's *Bivens* and CARES Act claims for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

2. The Court **GRANT** plaintiff leave to file a second amended complaint within **twenty-eight (28) days** of any Court order adopting this Report and Recommendation, naming the proper defendant(s) and otherwise rectifying the deficiencies set forth herein.

9

3. The Court **GRANT** plaintiff's motion to withdraw his motion for default judgment (Doc. 11) and consider plaintiff's motion for default judgment (Doc. 8) as withdrawn.

4. Plaintiff's motion to appoint counsel (Doc. 2) be **DENIED** as moot;

5. Plaintiff's motion for writ of mandamus (Doc. 6) be **DENIED** as moot;

6. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

January 31, 2023                                  /s/ Caroline H. Gentry
                                                  CAROLINE H. GENTRY
                                                  United States Magistrate Judge