**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LEON A. MORRIS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-221 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO RECOMMENDATIONS (DOC. NO. 22); ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. NO. 18); GRANTING PLAINTIFF'S MOTION TO WITHDRAW HIS MOTION FOR DEFAULT JUDGMENT (DOC. NO. 11); DENYING, AS MOOT, PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. NO. 2); DENYING, AS MOOT, PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS (DOC. NO. 6); DISMISSING WITH PREJUDICE PLAINTIFF'S *BIVENS* AND CARES ACT CLAIMS; DISMISSING WITHOUT PREJUDICE PLAINTIFF'S FTCA CLAIMS AND ANY CLAIMS FOR INJUNCTIVE RELIEF; GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT WITHIN 28 DAYS OF THE ISSUANCE OF THIS ORDER; DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DOC. NO. 19); AND DENYING PLAINTIFF'S MOTION TO OBTAIN PUBLIC RECORD INFORMATION (DOC. NO. 21)**

---

This case, brought *pro se* by Plaintiff Leon Morris ("Morris"), is before the Court on Morris' Objection to the Report and Recommendations issued by Magistrate Judge Caroline H. Gentry, as well as two motions filed by Morris after issuance of the Report and Recommendations.

The Report and Recommendations explained that the case was before the Court for a *sua sponte* review "to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." (Doc. No. 18 at PageID 69.)

1

The Report and Recommendation also provided recommendations regarding Morris' motion to appoint counsel (Doc. No. 2); Morris' motion for writ of mandamus (Doc. No. 6); Morris' motion for default judgment (Doc. No. 8); and Morris' motion to withdraw his motion for default judgment (Doc. No. 11).

Morris timely filed his Objection to the Report and Recommendations. (Doc. No. 22.) The Court has made a *de novo* review of the record in this case and a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon said review, the Court finds that Morris' objections are not well-taken and they are **OVERRULED**. The Court **ACCEPTS** the findings and recommendations made by the magistrate judge and **ADOPTS** the Report and Recommendations (Doc. No. 18) in its entirety.

After Judge Gentry issued her Report and Recommendations, Morris filed two additional motions. First, he filed what he titled a Motion to Amend Complaint Per 28 U.S.C. 1746: Diversity (Doc. No. 19). In that motion, Morris asserts that this is a diversity matter in which this court has subject matter jurisdiction and states, among other things, that the Small Business Administration lives in Washington DC. To the extent that the motion is not moot given that the Court is adopting the Magistrate Judge's recommendation that Morris be granted leave to file a second amended complaint within 28 days of this order that names the proper defendant(s) and otherwise rectifies the deficiencies set forth in the Report and Recommendations (Doc. No. 18), the Court denies the motion. *Select Specialty Hospital-Ann Arbor, Inc. v. Sec'y of Health and Human Servs.*, No. 14-14412, 2016 WL 465620, at *6 (E.D. Mich. Feb. 8, 2016) ("[g]iven that diversity jurisdiction is not available in an action against a federal agency because such an agency is [not a] citizen of any state for purposes of 28 U.S.C. § 1332, [p]laintiff must establish jurisdiction on the basis of a

2

federal question"); *Bingham v. Crosby*, No. 04-1246, 2005 WL 1155731, at *2 (W.D. Tenn. Jan. 26, 2005) (dismissing pro se complaint for lack of subject-matter jurisdiction; explaining that "the law is clear that federal agencies … are not citizens of any state and cannot be sued in diversity"). Second, Morris filed what he titled a Motion to Obtain Public Record Information Per 149.43 Ohio's R.C. (Doc. No. 21.) The Court denies this motion. Among other reasons for denying the motion, Morris relies exclusively on a section from Ohio's Revised Code, which is not applicable to this federal court proceeding.

Therefore, the Court rules as follows:

1. The Report and Recommendations filed on February 1, 2023 (Doc. No. 18) is ADOPTED in full;

2. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Federal Tort Claims Act claims and any claims for injunctive relief;

3. The Court DISMISSES WITH PREJUDICE Plaintiff's *Bivens* and CARES Act claims;

4. Plaintiff is granted leave to file a second amended complaint within twenty-eight (28) days of this order (i.e., March 16, 2023), naming the proper defendant(s) and otherwise rectifying the deficiencies set forth in the Report and Recommendations (Doc. No. 18);

5. Plaintiff's motion to withdraw his motion for default judgment (Doc. No. 11) is GRANTED;

6. Plaintiff's motion for default judgment (Doc. No. 8) is deemed WITHDRAWN;

7. Plaintiff's motion to appoint counsel (Doc. No. 2) is DENIED as moot;

8. Plaintiff's motion for writ of mandamus (Doc. No. 6) is DENIED as moot;

9. Plaintiff's motion to amend complaint (Doc. No. 19) is DENIED;

10. Plaintiff's motion to obtain public record information (Doc. No. 21) is DENIED; and

11.     The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a), that an appeal of this order would not be taken in good faith and therefore Plaintiff would be denied leave to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 16, 2023.

                                                s/Thomas M. Rose

                                                THOMAS M. ROSE
                                  UNITED STATES DISTRICT JUDGE