**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 3:22-cv-221 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Plaintiff, an inmate currently housed at the North Central Correctional Institution in Marion, Ohio, has filed this *pro se* civil rights action. Currently before the Court are plaintiff's motion to amend his complaint (Doc. 24); two additional motions to amend or correct his complaint (Docs. 25, 27); a notice of amendment to his request for damages, which the Court construes as another motion to amend (Doc. 28); and a motion to obtain information under the Freedom of Information Act (FOIA) (Doc. 26), which the Court construes as a discovery motion because plaintiff has not included a FOIA claim in his Second Amended Complaint. The Court addresses and rules upon each of these motions below.

**A. Motions to Amend Complaint (Docs. 24, 25, 27 & 28)**

On February 1, 2023, the Court screened plaintiff's initial complaint, as amended. (*See* Doc. 18). In his initial complaint, plaintiff brought claims against the Small Business Administration (SBA) and Isabella Casillas Guzman, as Administrator of the Small Business Administration, for mistake and violations of the Eighth and Fifth Amendments to the United States Constitution in connection with the denial of a loan for his business Neighborhood Fish

and More, LLC, under the "CARES Act." (*See* Doc. 18, at PageID 72). The undersigned recommended that plaintiff's initial complaint, as amended, be dismissed for failure to state a claim upon which relief could be granted, with leave to amend. (Doc. 18, at PageID 76). On February 16, 2023, the District Judge adopted the undersigned's Report and Recommendation in its entirety. (Doc. 23).

In accordance with the District Judge's adoption of the undersigned's February 1, 2023 Report and Recommendation and the liberal policy of permitting amendments under Fed. R. Civ. P. 15(a), the undersigned hereby **GRANTS** plaintiff's motions to amend his complaint (Docs. 24, 25, 27, 28). *See Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) ("Furthermore, courts have interpreted the language in Rule 15(a) as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'") (quoting *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987) (in turn quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)).

The Court considers all of Plaintiff's proffered amendments (Docs. 24-1, 25, 27, and 28) to constitute plaintiff's Second Amended Complaint, which is the operative complaint in this matter.[1] The Court **DIRECTS** the Clerk of Court to re-file these documents (Docs. 24-1, 25, 27, and 28) together as one document and to docket them as the Second Amended Complaint. The Court will screen plaintiff's Second Amended Complaint, as required by the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), in a separate Order and Report and Recommendation.

---

[1] "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000) (quoting *Washer v. Bullitt County,* 110 U.S. 558, 562 (1884)).

### B. Discovery Motion

Plaintiff has filed a motion to obtain information under FOIA (Doc. 26). The Court will construe this motion as a discovery motion because plaintiff has not included a FOIA claim in his Second Amended Complaint.[2]

Plaintiff's discovery motion (Doc. 26) is **DENIED**. Because no defendant has appeared in this case, discovery requests are premature. Further, even if a defendant had appeared and discovery had commenced, plaintiff's motion still would be improper. Plaintiff must serve his discovery requests directly upon a defendant's counsel in accordance with the appropriate Federal Rule of Civil Procedure (e.g., Rule 33 (Interrogatories), Rule 34 (Requests for Production), and Rule 36 (Requests for Admission)). Intervention of this Court is neither required nor permitted in most instances. *See* S.D. Ohio Civ. Local Rule 37.1.

In sum, the Court **GRANTS** plaintiff's motions to amend his complaint (Docs. 24, 25, 27, 28). The Court **DIRECTS** the Clerk of Court to re-file these documents (Docs. 24-1, 25, 27, and 28) together as one document and to docket them as the Second Amended Complaint. The Court **DENIES** plaintiff's motion to obtain information under FOIA (Doc. 26).

**IT IS SO ORDERED.**

May 17, 2023                                              */s/ Caroline H. Gentry*
                                                                          CAROLINE H. GENTRY
                                                                          United States Magistrate Judge

---

[2] "FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules." *Kinard v. Trump*, No. 1:19-CV-03743, 2020 WL 515962, at *1 (D.D.C. Jan. 30, 2020). Plaintiff's motion does not indicate whether he has previously submitted a FOIA request to the SBA.

## **Notice of Procedure on Objections**

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).