# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 3:22-cv-221 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATIONS

Plaintiff, an inmate currently housed at the North Central Correctional Institution in Marion, Ohio, filed a *pro se* civil rights complaint with various amendments against the Small Business Administration (SBA) and Isabella Casillas Guzman, as Administrator of the Small Business Administration. Plaintiff initially alleged mistake and violations of the Fifth and Eighth Amendments to the United States Constitution[1] in connection with the denial of a loan for his business Neighborhood Fish and More, LLC, under the "CARES Act." (Doc. 1-1).[2] Upon initial screening, the Court recommended that the initial complaint, as amended, be dismissed for

---

[1] The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. Amend. V. "It is also true that the Due Process Clause of the Fifth Amendment contains an equal protection component prohibiting the United States from invidiously discriminating between individuals or groups." *Washington v. Davis*, 426 U.S. 229, 239 (1976). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

[2] As the Court indicated in the initial Report and Recommendation, the CARES Act was enacted "in response to the COVID-19 pandemic. . . . Among other things, the CARES Act appropriated additional funds and expanded eligibility requirements for the Economic Disaster Loans (EIDL) program, which provides economic injury disaster loans to eligible small businesses." *Jackson v. Small Business Administration & Isabella Casillas Guzman*, No. 3:22-CV-986-S-BH, 2022 WL 18456351, at *1 (N.D. Tex. Dec. 16, 2022), *report and recommendation adopted sub nom. Jackson v. Small Business Administration, Isabella Casillas Guzman, & United States of America*, No. 3:22-CV-986-S-BH, 2023 WL 375351 (N.D. Tex. Jan. 24, 2023) (internal citations omitted).

failure to state a claim upon which relief could be granted, with leave to amend. (Doc. 18). The District Judge adopted the Court's Report and Recommendation in its entirety. (Doc. 23). Thereafter, plaintiff filed a motion to amend his complaint (Doc. 24); a proposed Second Amended Complaint (Doc. 24-1); two additional motions to amend or correct his complaint (Docs. 25, 27); a notice of amendment to his request for damages, which the Court has construed as another motion to amend (Doc. 28); and a motion to obtain information under the Freedom of Information Act (FOIA) (Doc. 26), which the Court has construed as a discovery motion since plaintiff has not included a FOIA claim in his Second Amended Complaint.

By separate Order, the Court has granted plaintiff's motions to amend his complaint (Docs. 24, 25, 27, 28) and denied his construed discovery motion as premature. The Court considers Documents 24-1, 25, 27, and 28 to constitute the operative Second Amended Complaint in this matter.

This matter is now before the Court for a s*ua sponte* review of the Second Amended Complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Complaint

**A.      Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To

prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.      Allegations in Plaintiff's Second Amended Complaint**

In the Second Amended Complaint, Plaintiff asserts claims against Guzman, the United States of America, and the Small Business Administration (SBA). (Doc. 25, at PageID 109).

Plaintiff alleges that in April 2020 he filed two Federal Disaster Loan applications for his small businesses: Real Change Program and Neighborhood Fish and More, LLC. (Doc. 24-1, at PageID 103). Plaintiff alleges that the applications were approved in July 2020. (*Id.*). Plaintiff alleges, however, that while $45,000 was deposited into the bank account of Real Change Program, no money was deposited into the bank account of Neighborhood Fish and More, LLC. (*Id.*). Plaintiff alleges that he contacted SBA staffers for an update and was told that the applications were duplicates. (*Id.*). According to plaintiff, however, the "business names, application [numbers], address, enti[ti]es, [and] job descriptions are different." (Doc. 24-1, at

4

PageID 103). Plaintiff asserts that he contacted a congressman, filed an appeal, and directly contacted Guzman. (*Id*.). Plaintiff alleges that Guzman "promised to correct this negligence but never responded back." (*Id*.). Plaintiff relies on the CARES Act[3] and a 2019 SBA Standard Operating Procedure to assert that Guzman exceeded her statutory authority and "failed to follow rules, regulations, and laws of Congress" in denying his loan. (Doc. 24-1, at PageID-104; Doc. 25, at PageID 109). Plaintiff claims that as a result of the allegedly improper denial of funds, his business Neighborhood Fish and More, LLC, "suffer[ed] financial harm until he was forced to permanently close his doors." (Doc. 24-1, at PageID-104).

For relief, plaintiff demands monetary damages, including payment of past-due bills and business debts. Plaintiff also seeks to have his credit restored and to be approved for a line of credit. (Doc. 24-1, at PageID 105; *see also* Doc. 28).

**C.    Analysis**

Liberally construing plaintiff's complaint, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to be bringing tort claims for negligence and misrepresentation pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680,[4] claims for deprivation of his civil rights under the equal protection and due process components of the Fifth Amendment and the

---

[3]The Court does not understand plaintiff's Second Amended Complaint to contain a claim under the CARES Act. (*See* Doc. 25, at PageID 109 ("Plaintiff makes no claim under the CARES Act.")). In any event, this Court has previously found that there is no private right of action under the CARES Act. *See Shehan v. United States Dept. of Justice*, 2020 WL 7711635, at *9-12 (S.D. Ohio Dec. 29, 2020) ("Nor does the [CARES Act indicate that a borrower may sue a lender who declines the borrower's application. No private remedy against lenders appears. Absent congressional intent to create a private remedy, this Court may not imply one."). *See also Moss v. Lee*, No. 3:21-CV-00561, 2022 WL 68388, at *5 (M.D. Tenn. Jan. 6, 2022) ("Courts around the country, including those within the Sixth Circuit, have concluded that the CARES Act does not create either an explicit or implied private cause of action."); *Mescall v. United States Dep't of Just.*, No. 2:20-CV-13364, 2021 WL 199277, at *2 (E.D. Mich. Jan. 19, 2021) ("The CARES Act does not create a private cause of action.").

[4]"'In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees' acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475–476 (1994)).

cruel and unusual punishment component of the Eighth Amendment pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[5] and a claim for judicial review of the SBA's denial of his loan pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701-706.[6]

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned recommends that plaintiff be permitted to proceed with (1) his negligence claim for damages against the United States pursuant to the FTCA and (2) his claim for injunctive relief against the SBA pursuant to the APA.[7] For the reasons set forth below, the undersigned recommends that the Court dismiss plaintiff's remaining claims.

### a. FTCA Claim for Misrepresentation

Plaintiff appears to be asserting a claim for misrepresentation under the FTCA against the United States based on plaintiff's allegation that Guzman "promised to correct this negligence but never responded back." (Doc. 24-1, at PageID 103). Although the FTCA waives the

---

[5]Plaintiff states that he is bringing constitutional claims for "due process, equal protection, discrimination and cruel and unusual punishment." (Doc. 25, at PageID 109). Although plaintiff states that he is bringing these claims under 42 U.S.C. § 1983 (*see id*.), the Court understands the claims to be brought under *Bivens*. See *Irabor v. Perry Cty. Corr. Ctr.*, No. CIV.A. 06-0483, 2008 WL 1929965, at *3 (S.D. Ala. Apr. 30, 2008). "[A] *Bivens* action . . . allows civil rights claims against federal officials that are analogous to those brought against state officials under 42 U.S.C. § 1983." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

[6]"Section 702 of the APA waives the sovereign immunity of the United States for claims seeking relief other than money damages." *Thompson v. United States*, No. 2:12-CV-01659-RFB, 2014 WL 6473547, at *4 (D. Nev. Nov. 17, 2014) (construing *pro se* complaint to contain a claim for judicial review under the APA where the plaintiff "identifie[d] what he believe[d] to be an [agency] regulation; allege[d] that the [agency] did not follow its regulation and that this decision was arbitrary, capricious, contrary to law, and unsupported by substantial evidence; and ask[ed] th[e] Court to review the [agency's] decision and order a full reconsideration.").

[7]Although the Court is permitting plaintiff's FTCA negligence claim to proceed for further development at this juncture, the Court expresses no opinion at this time as to whether the claim is procedurally proper or substantively meritorious. Similarly, although the Court is permitting plaintiff's claim for judicial review under the APA to proceed for further development at this juncture, the Court expresses no opinion at this time as to the merits of the claim or the availability of the injunctive relief sought by plaintiff. *Cf. DV Diamond Club of Flint, LLC v. U.S. Small Bus. Admin.*, 459 F. Supp. 3d 943, 954 (E.D. Mich. 2020) (finding injunctive relief available to plaintiffs who seek only "to set aside unlawful agency action . . . [and] do not seek to attach the SBA's assets or otherwise interfere with its internal operations") (quoting *Camelot v. Banquet Rooms v. U.S. Small Bus. Admin.*; 458 F. Supp. 3d 1044, 1052 (E.D. Wis. May 1, 2020)).

sovereign immunity of the United State in certain circumstances, *Brownback*, 141 S. Ct. at 746, this waiver does not extend to claims based upon alleged misrepresentations. *See, e.g.*, *Pinson v. United States*, No. 3:21-CV-89-TCB, 2021 WL 5578726, at *3 (N.D. Ga. Oct. 15, 2021), *aff'd*, No. 21-14032, 2022 WL 16707956 (11th Cir. Nov. 4, 2022) ("The FTCA prevents the United States from being sued, based on misrepresentation, on "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .") (citing 28 U.S.C. § 2680(h)). Accordingly, the undersigned recommends that plaintiff's FTCA misrepresentation claim be dismissed with prejudice.

      b.      ***Bivens* Constitutional Claims**

This Court previously held that Plaintiff cannot assert a *Bivens* claim against the SBA because "a *Bivens* action may not be maintained against a federal agency." *Morris v. SBA*, 2023 U.S. Dist. LEXIS 17405 (S.D. Ohio Feb. 1, 2023) (internal quotations and citation omitted). Therefore, the Court will only consider whether Plaintiff's *Bivens* claims against Defendant Guzman under the Fifth and Eighth Amendments survive initial review.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action that permits federal officials who commit certain constitutional violations to be sued in their individual capacities.[8] As noted in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017), the narrowness of a *Bivens* cause of action is shown by the fact that the Supreme Court has only recognized it in three circumstances: (1) a Fourth Amendment claim for an unreasonable seizure based upon a warrantless arrest, *Bivens*, 403 U.S. at 396; (2) a Fifth Amendment claim for sex discrimination based upon the

---

[8] This implied remedy is similar, but not identical, to the relief available under 42 U.S.C. § 1983 when state officials are found to have violated constitutional rights.

termination of a legislative aide's employment, *Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) an Eighth Amendment claim based upon inadequate medical care to a prisoner, *Carlson v. Green*, 446 U.S. 14, 19 (1980).

Significantly, the Supreme Court views *Bivens* as a disfavored remedy that should rarely, if ever, be expanded to new contexts. *Abbasi*, 137 S. Ct. at 1857. Before a court permits a *Bivens* claim to proceed, it must first ask whether the claim "arises in a 'new context' or involves a 'new category of defendants'" that is different from *Bivens*, *Davis* and *Carlson*. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (citation omitted). Here, Plaintiff's constitutional claims against SBA Administrator Guzman based upon the SBA's alleged failure to approve his loan application are plainly different from the constitutional claims and defendants in *Bivens*, *Davis* and *Carlson*.

Next, the Court must "ask whether there are factors that counsel" against implying a *Bivens* remedy in the circumstances of this case. To "be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Abbasi*, 137 S. Ct. at 1858 (citation omitted). A court may hesitate to imply a *Bivens* cause of action if, for example, other remedies are available to the plaintiff, or a *Bivens* action "risk[s] . . . interfering with the authority of the other branches" of the federal government. *Hernandez*, 140 S. Ct. at 743, 749. A court may also hesitate to imply a *Bivens* cause of action if the plaintiff seeks to recover damages based upon "high-level executive policy" rather than "individual instances of discrimination or law enforcement overreach." *Abbasi*, 137 S. Ct. at 1860, 1862.

These factors counsel against implying a *Bivens* remedy here. Specifically, allowing Plaintiff to recover damages for violation of his constitutional rights because the SBA denied his loan application would impermissibly challenge high-level executive policy and interfere with the authority of the Executive Branch. As a Georgia federal court concluded in a similar case:

8

> [T]he plaintiffs attack the SBA's policy-based decision-making process. Challenges to 'high-level executive policy' bear little resemblance to the three *Bivens* claims the [Supreme] Court has approved in the past" which "challenge[d] individual instances of discrimination or law enforcement overreach.' *Abbasi*, 137 S. Ct. at 1860, 1862. And new *Bivens* claims are particularly disfavored when they 'call into question the formulation and implementation of a high-level executive policy' in a way that 'would require courts to interfere in an intrusive way with sensitive functions of the Executive Branch.' *Id*. at 1849, 1861. Of course, that is exactly what the plaintiffs seek to accomplish here. Maybe Congress and the SBA could have done better, but the fact is that they were struggling to craft a plan for distributing limited RRF funds among a sea of qualified applicants in the face of a global pandemic and resulting economic uncertainty. And then the SBA, in full stride, had to react to challenges to Congress's prioritization scheme. A new *Bivens* cause of action is an inappropriate avenue for relief from such executive and legislative branch decisions. *See id.* at 1860-61.

*Reboot Macon, LLC v. U.S.*, 2022 U.S. Dist. LEXIS 81198, *13-14 (M.D. Ga. May 4, 2022). Because these factors "counsel[] hesitation in the absence of affirmative action by Congress," *Abbasi*, 137 S. Ct. at 1857, the undersigned recommends that Plaintiff's *Bivens* claims against Defendant Guzman be dismissed with prejudice.

In sum, at this early stage of the litigation without the benefit of briefing from all parties, the undersigned concludes that plaintiff may proceed with his negligence claim for damages against the United States pursuant to the FTCA and his claim for injunctive relief against the SBA pursuant to the APA. However, plaintiff has failed to provide summons and United States Marshal forms for the United States or the SBA. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, shall submit completed summons and U.S. Marshal forms for the United States and the SBA. Once the Court receives the requested forms, the Court will order service of process by the United States Marshal on these defendants. *See* Fed. R. Civ. P. 4(i)(1), (2) (specifying service procedures for the United States and its federal agencies).

The undersigned recommends that Plaintiff's remaining claims be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Second Amended Complaint (Documents 24-1, 25, 27, and 28) be **DISMISSED with prejudice**, with the exception of plaintiff's negligence claim for damages against the United States pursuant to the FTCA and his claim for injunctive relief against the SBA pursuant to the APA. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## IT IS THEREFORE ORDERED THAT:

1. Within thirty (30) days of receipt of this Order, plaintiff shall submit a completed summons and a completed United States Marshal Form for the United States and the SBA.

2. The **Clerk of Court** is **DIRECTED** to send plaintiff two summons forms and two United States Marshal forms for this purpose. Upon receipt of the completed summons and United States Marshal forms, the Court shall **ORDER** service of process by the United States Marshal. *See* Fed. R. Civ. P. 4(i)(1), (2).

3. The **Clerk of Court** is further **DIRECTED** to add defendant the United States of America to the docket sheet in this case.

4. Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge

which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

| | |
|---|---|
| May 17, 2023 | /s/ Caroline H. Gentry |
| | CAROLINE H. GENTRY |
| | United States Magistrate Judge |

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).