UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 3:22-cv-00221 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge to consider Plaintiff Leon Morris' Second Amended Complaint on recommittal. The case concerns Morris' claim that the United States Small Business Administration should have loaned money to his business, Neighborhood Fish and More, LLC, during the COVID-19 pandemic. (Doc. 30). For the following reasons, the undersigned **RECOMMENDS** that the Court **DISMISS** all the claims in the Second Amended Complaint.

**I.      Procedural History**

Morris submitted his original *pro se* Complaint and related documents in 2022. (Doc. 1). He asked to amend his Complaint, which the Court allowed. (Doc. 14; Doc. 18 at PageID 69). In February 2023, the undersigned recommended that the Court dismiss Morris' Complaint (as amended) but allow him to file a Second Amended Complaint to name proper defendant(s) and attempt to fix some of the problems with his previous

complaints. (Doc. 18 at PageID 69, 76-77). The Court agreed and allowed Morris to do so. (Doc. 23).

Morris then filed several documents that the undersigned construed together as his Second Amended Complaint. (*See* Doc. 24-1, 25, 27, 28, 29). The Second Amended Complaint (filed together as Doc. 30) generally raises the same issue as Morris' earlier complaints—his argument that the Small Business Administration should have granted Neighborhood Fish and More, LLC ("Neighborhood Fish") a loan during the pandemic. It appears (but is not clear) that Neighborhood Fish sought an EIDL or Economic Injury Disaster Loan under Section 7(b)(2) of the Small Business Act, as impacted by the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-36, 134 Stat. 281 (2020). (*See generally* Doc. 43-1 at PageID 213, 218).

After liberally construing the Second Amended Complaint, the undersigned initially concluded that Morris should be allowed to proceed with two claims, but that the rest of his claims, including so-called "*Bivens*" claims alleging violations of his constitutional rights, should be dismissed. (Doc. 31). Morris objected to these recommendations, asserting that the Second Amended Complaint "was liberally construed wrong." (Doc. 34 at PageID 157).

The Court then recommitted (or returned) the matter to the undersigned to consider part of Morris' objections. (Doc. 37). The District Judge stated:

> Morris' objections make statements that (arguably) change the basis for the Report and Recommendations' recommendations upon its initial screening of the Second Amended Complaint. Therefore, the Court recommits the matter to Magistrate Judge Gentry, instructing her to (a) conduct an initial screening of the Second Amended Complaint (Doc. No. 30) while taking

2

> into consideration statements made by Morris in his Objections (Doc. No. 34) and (b) then issue a supplemental report and recommendation concerning the result of that initial screening of the Second Amended Complaint. . . . The [Court] recognizes that it is entirely possible that the anticipated Supplemental Report and Recommendations could make the same recommendations made in the [earlier] Report and Recommendations (Doc. No. 31) or could recommend that more of Plaintiff's Second Amended Complaint be dismissed than in the [earlier] Report and Recommendations.

(Doc. 37 at PageID 184-85). The Recommittal Order also pointed out that Morris, who is not an attorney, is not permitted to raise claims on behalf of Neighborhood Fish. (*Id*. at PageID 185, fn.1).

The undersigned Magistrate Judge now provides the requested Supplemental Report and Recommendation. The undersigned has considered Morris' Second Amended Complaint (Doc. 30), his objections to the undersigned's previous review (including his assertions that he did not raise "*Bivens*" claims (Doc. 34)), and the Recommittal Order, including Morris' inability to represent (or raise claims on behalf of) Neighborhood Fish, which is a limited liability company.[1] (Doc. 37; *see also* Doc. 18 at PageID 72-73; Doc. 23). 28 U.S.C. § 1654. The undersigned concludes that the Second Amended Complaint does not state a claim on which relief may be granted and recommends dismissal.

## II.     Allegations in the Second Amended Complaint

Although the Second Amended Complaint is unclear, Morris appears to be suing the United States Small Business Administrator, Isabella Casillas Guzman (the "Administrator") and the United States Small Business Administration ("SBA").

---

[1] *See* Ohio Secretary of State's Business Details page for Neighborhood Fish & More LLC, available at https://businesssearch.ohiosos.gov?=businessDetails/4246403 (last visited Oct. 8, 2024).

3

(Second Amended Complaint, Doc. 30 at PageID 123; Objections, Doc. 34 at PageID 157 ). He may also be suing the United States of America. (Doc. 30 at PageID 131).

Morris alleges that in April 2020, he filed two separate pandemic disaster loan applications for his two small businesses: Real Change Program and Neighborhood Fish. (Doc. 30 at PageID 125). In July 2020, both applications were approved. (*Id*.; *but see* PageID 126 (alleging one loan was denied)). Although $45,000 was deposited into Real Change Program's bank account, no money was disbursed to Neighborhood Fish. (Doc. 30 at PageID 125). When Morris contacted the SBA, staffers explained that the applications were "duplicates," which Morris disputes. (*Id*.). He alleges that he emailed the Administrator, who "promised to correct this ~~problem~~ ~~neglect~~ negligence but never responded back." (*Id*. (as in original)).[2]

Morris refers to the CARES Act that allegedly authorized the EIDLs but does not raise a claim under that Act. (Doc. 30 at PageID 131 ("Plaintiff makes no claim under the CARES Act")). He also refers to a 2019 Standard Operating Procedure document and asserts that the Administrator and/or the SBA exceeded their statutory authority and "failed to follow rules, regulations, and laws of Congress" by denying the loan to Neighborhood Fish. (Doc. 30 at PageID 126, 132). This denial, Morris says, "forced

---

[2] Morris also asserts that the Administrator "was supposed to investigate and respond to Plaintiff A.S.A.P." (*See* Doc. 43 at PageID 209). Morris has provided what may be his emails to the SBA about Neighborhood Fish. (*See* Doc. 43-1 at PageID 215-16). None of these documents support Morris' allegation that Guzman personally promised to fix the SBA's "negligence." The record does contain the SBA's form response letter acknowledging receipt of Morris' email about his *other* business, for which the SBA apparently also denied a loan. (Doc. 43-1 at PageID 213). It also contains the SBA's letter about Neighborhood Fish's loan application, which was denied due to "Unsatisfactory credit history." (Doc. 43-1 at PageID 225).

4

Plaintiff's business to suffer financial hardship until he was forced to permanently close his doors." (Doc. 30 at PageID 126).

The undersigned liberally construes the allegations as attempting to assert claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680; civil rights claims under 42 U.S.C. §§ 1983 and 1985; and a claim for judicial review of the SBA's denial of Neighborhood Fish's loan application under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. For relief, Morris seeks to have past-due bills paid, credit restored, business debts paid, a line of credit, and damages. (Doc. 30 at PageID 127, 136).

### III. Screening Standard

The standard set forth in the two previous Reports and Recommendations is incorporated herein by reference. (Doc. 18, 31). Screening is required even though Morris is no longer incarcerated. (*See* Doc. 33). See *Smith v. Dollar Gen. Store*, No. 1:18-cv-179, 2019 WL 148657, at *1 (E.D. Tenn. Jan. 9, 2019) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)) ("district courts must [still] screen complaints filed by former prisoners who are proceeding *in forma pauperis*").

### IV. Discussion

The undersigned concludes that all of Morris' claims should be dismissed. As explained below, he has not pled viable claims under Section 1983 or 1985. Further, Morris cannot raise FTCA and ACA claims based on Neighborhood Fish's denied loan application without the assistance of counsel, and he has not adequately pled any claims of his own. In short, Morris has not pled a claim on which the Court may grant him relief.

    A.    **Section 1983 and 1985 Claims**

5

The undersigned previously construed Morris' Second Amended Complaint to include "*Bivens*" claims that assert federal actors violated a plaintiff's constitutional rights. (Doc. 31 at PageID 144-46 (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). The undersigned previously determined that Morris' *Bivens* claims should be dismissed. (Doc. 31 at PageID 146).

Morris objected, asserting that he did not raise a *Bivens* claim. (Doc. 34 at PageID 159). On recommittal, the undersigned accepts his statement and instead evaluates Morris' constitutional claims under 42 U.S.C. §§ 1983 and 1985. (*See* Doc. 30 at PageID 124, 131 (citing 42 U.S.C. §§ 1983 and 1985)).[3]

To plead and prove a Section 1983 claim, Plaintiff must establish that a person acting under color of <u>state law</u> deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Morris has not sued any state official in his Second Amended Complaint. (Doc. 30). He does not describe any action by a state official. (*Id.*). He does not allege that any Defendant acted under color of *state* law, and there is no basis to infer that they did. His claim instead is that a federal official (the Administrator) acted under color of federal law (i.e., the CARES Act, the Small Business Act, or a related law) and did so in a way that

---

[3] A claim under Section 1983, which is titled "Civil action for deprivation of rights," is similar to a *Bivens* action. The key difference is that Section 1983 lawsuits are filed against state officials, whereas *Bivens* lawsuits are filed against federal officials. *See Beasley v. Poole*, No. 1:11-cv-63, 2011 WL 2689347, at *7 (E.D. Tenn. July 11, 2011) ("the Court observes that an action under *Bivens* is almost identical to a 42 U.S.C. § 1983 action, except the *Bivens* action is maintained against federal officials while a § 1983 is brought against state officials"); *Williams v. Taylor*, No. 1:22-cv-769, 2024 WL 1770727, at *5 (S.D. Ohio Apr. 24, 2024) ("a prisoner who is challenging violations of his civil rights may file a lawsuit based upon 42 U.S.C. § 1983 or a so-called *Bivens* action, depending on whether the defendant is a state or federal official"). Because Morris sued federal defendants, the undersigned previously construed his Second Amended Complaint as asserting *Bivens* claims.

allegedly violated his constitutional rights. This allegation fails to include the necessary element of state action and does not present a viable Section 1983 claim.

Moreover, a Section 1983 claim cannot be raised against the federal government, its agencies or officials. *See Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Teller v. United States Dep't of Just.*, No. 1:18-cv-1359, 2018 WL 4031061, at *2 (N.D. Ohio Aug. 23, 2018) ("It is well-settled that agencies of the United States Government, such as the United States Department of Justice may not be subjected to suit under § 1983") (cleaned up). Morris' Section 1983 claim fails for this reason as well.

Finally, even if Morris could sue Defendants under Section 1983, he has not included sufficient factual information to plead claims on which relief may be granted. Although he *labels* the claims as violations of his Due Process and Equal Protection rights, for example, he provides no *facts* that show how or why Defendants' alleged actions did so. (*See* Doc. 30 at PageID 131). Conclusory allegations of misconduct (also referred to as "unadorned, the defendant-unlawfully-harmed-me accusation[s]") are insufficient to state a claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Keita v. U.S. Small Bus. Admin.*, No. 07-cv-4958, 2010 WL 395980, at *5 (E.D.N.Y. Feb. 3, 2010) ("Without some specification of factual detail, the complaint completely fails to state any plausible claim against individual defendants . . . under the *Iqbal* test.").

In sum, because Morris does not allege that any Defendant acted under color of state law, because the named federal Defendants may not be sued under Section 1983,

7

and because Morris has not asserted facts that support a plausible claim for violation of his constitutional rights, his Section 1983 claims should be dismissed.

Section 1985 is titled "Conspiracy to interfere with civil rights." To state such a claim:

> a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving a person or a class of persons, directly or indirectly, of equal protection of the laws; (3) through an act in furtherance of the conspiracy; (4) which causes injury to plaintiff or plaintiff's property or deprives him of any right or privilege of a citizen of the United States. *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003). The acts that allegedly deprived a plaintiff of equal protection of the law "must be the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). A plaintiff must allege sufficient facts to link two or more defendants in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *Coker v. Summit County Sheriff's Dep't,* 90 F. App'x 782, 789 (6th Cir.2003) (quoting *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993)).

*Mason v. LaPointe*, No. 3:12-cv-1881, 2012 WL 5939283, at *3 (N.D. Ohio Nov. 26, 2012), *aff'd*, No. 12-4533 (6th Cir. Aug. 21, 2013) (unreported).

Morris' Second Amended Complaint does not attempt to meet this standard and does not describe such a conspiracy. Its few paragraphs simply allege that the SBA denied Neighborhood Fish's loan application under the CARES Act but should have granted the loan, as it was Congress' intent to keep small businesses open. (Doc. 30). Rather than describing a conspiracy claim, the allegations resemble a strict liability claim. While Morris alleges that the Administrator violated the "Rules, Regulations, and law of Congress," in denying the loan, which forced Neighborhood Fish to suffer financial hardship and close (Doc. 30 at PageID 126), these allegations do not describe

8

the elements of a Section 1985 conspiracy. Morris fails to state a claim on which relief may be granted under Section 1985 as well.

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** all of Morris' constitutional claims, whether raised under *Bivens,* Section 1983, or Section 1985.

B. <u>**Neighborhood Fish and More, LLC's claims**</u>

The Small Business Act "authorizes the SBA to issue EIDLs to 'any small business concern, private nonprofit organization, or small agricultural cooperative,' not to individual business owners." *Huang v. Small Bus. Admin.*, No. 22-cv-3363, 2022 WL 3111809, at *1 (N.D. Cal. Aug. 4, 2022) (quoting 15 U.S.C. § 636(b)(2)). Claims arising from the denial of such loan, therefore, belong only to the business, as it is the <u>business</u> (not the owner) that applies for the EIDL and potentially suffers an injury-in-fact when the SBA denies the business' application. *Id*.

Accordingly, claims that challenge the SBA's denial of an EIDL to Neighborhood Fish belong to and must be litigated by Neighborhood Fish, not Morris. Morris cannot raise those claims on behalf of Neighborhood Fish because he is not an attorney licensed to practice law. (Doc. 18 at PageID 72-73 (noting that Morris cannot bring claims on behalf of Neighborhood Fish); Doc. 23, PageID 95 (adopting that conclusion)). All claims based on alleged injuries to Neighborhood Fish must therefore be dismissed.

If Morris is attempting to challenge the SBA's action on his own behalf, he lacks standing to do so. Courts have "found that the individual owner of a business lacked standing to bring a similar action against the SBA for denying the COVID-19 EIDL

9

application for his business." *Jackson v. Small Bus. Admin.*, No. 3:22-cv-986, 2022 WL 18456351, *9 fn. 5 (N.D. Tex. Dec. 16, 2022), *report and recommendation adopted*, 2023 WL 375351 (N.D. Tex. Jan. 24, 2023). Here, Morris does not present facts in his Second Amended Complaint that describe an independent injury separate and apart from Neighborhood Fish's injury. (Doc. 30). Because Morris has not pled sufficient facts to establish his standing, "he has failed to state a claim upon which relief can be granted, and his complaint is subject to dismissal." *Huang,* 2022 WL 3111809, at *1.

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** all claims belonging to Neighborhood Fish based on the SBA's denial of its EIDL application and Morris' attempted claims based on that alleged injury. As he does not plead other discrete injuries to himself, any attempted claim based on injury to himself caused by the SBA's denial of Neighborhood Fish's EIDL application should also be **DISMISSED**.

### V.     Conclusion

Having considered the Second Amended Complaint (Doc. 30) on recommittal (Doc. 37), the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** it in its entirety. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal from the dismissal of this case would not the taken in good faith and therefore **DENY** Morris leave to appeal *in forma pauperis*.

Morris may file **one single document** containing all objections to this Supplemental Report and Recommendation in the manner described at the end of this opinion. He is reminded that he must keep this Court informed of his address while the case is pending.

10

**IT IS SO RECOMMENDED.**

/s/ *Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).